No. 374 May 6, 2026 319

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON


In the Matter of D. D.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

J. D.,
*Appellant.*

Deschutes County Circuit Court
25JU04618; A189227

Bethany P. Flint, Judge.

Submitted March 13, 2026.

Aron Perez-Selsky filed the brief for appellant.

Stacy M. Chaffin, Assistant Attorney General, waived appearance for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.*

LAGESEN, C. J.

Affirmed in A189227 and A189230.

_____
* Determined by a two-judge department as authorized by ORS 2.570(2)(b).

**LAGESEN, C. J.**

Father appeals a jurisdictional judgment (A189227) and a disposition order (A189230) regarding his child. On our own motion, we consolidate the appeals for opinion only. In each appeal, appointed counsel filed a brief pursuant to ORAP 5.90 and *State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991). The briefs do not contain a Section B. *See* ORAP 5.90(1)(b). We affirm.

Father's child was born prematurely and there were concerns about the child's exposure to controlled substances. The child was discharged to his parents' care from neonatal intensive care and within about four weeks, the Oregon Department of Human Services (ODHS) filed a jurisdictional petition. The juvenile court subsequently found the child to be within its jurisdiction based in part on father's admission that his "substance abuse disorder, unless in sustained recovery, hinders his ability to be a safe parenting resource." ODHS asked that the judgment reflect that it "would be offering" father a referral for a mental health or psychological evaluation, but it did not ask the court to order father to participate in those services.

The juvenile court ordered father to participate in substance abuse evaluation and treatment and parent education about the impact of his substance abuse on his ability to safely parent. The court also noted in the judgment that ODHS would offer a psychological evaluation and mental health services. It made clear that father was not ordered to participate in those services and that "[t]here is no requirement that [father] do that[,] and that service will not be looked at as a measure of engagement of the parent." The court explained, "Ultimately the parent just has to demonstrate that they've learned and developed insight and are able to sustain recovery and to safely bring an infant into their care."

Having reviewed the record, including the trial court file, the transcript of the hearings, and the *Balfour* brief, we have identified no arguably meritorious issues.

Affirmed in A189227 and A189230.